**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

—————————————————
                                    :
CLYNT CROSBY                        :
                                    :
          Plaintiff,                :       Civil No. 05-2764 (DRD)
                                    :
          v.                        :
                                    :
ELIZABETH DETENTION CENTER,         :           **O P I N I O N**
et al.                              :
                                    :
          Defendants.               :
—————————————————     :

**APPEARANCES:**

          CLYNT CROSBY, Petitioner Pro Se
          Hudson County Jail
          35 Hackensack Avenue
          Kearny, New Jersey 07032

**DEBEVOISE, DISTRICT JUDGE**

        Plaintiff Clynt Crosby ("Crosby"), confined at the Hudson

County Jail in Kearny, New Jersey , seeks to bring this action

pursuant to 28 U.S.C. § 1915 (1998).  This Court will (1)grant

Plaintiff's application to proceed in forma pauperis; (2) direct

the Clerk of the Court to file the Complaint without pre-payment

of the filing fee; (3) assess the $250.00 filing fee against

Plaintiff; (4) direct the Warden of the Hudson County Jail to

deduct an initial partial filing fee payment of $8.54 from Plaintiff's prison account and forward same to the Clerk of the Court, when funds exist in Plaintiff's account; and (5) direct the Hudson County Jail to forward payments from Plaintiff's prison account to the Clerk of the Court each month the amount in the account exceeds $10.00, until the $150.00 filing fee is paid in full, regardless of the outcome of the litigation.  See 28 U.S.C. § 1915 (a),(b).

Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A the Court has reviewed the Complaint to identify cognizable claims.  The Court will permit Plaintiff's denial of access to courts, retaliation, and free speech claims to proceed at this time as against Defendants Easterling, Shanahan, Taylor, and the John and Jane Doe Defendants, dismiss all other claims against these Defendants, and dismiss the Complaint in its entirety as against the remaining Defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## I.  BACKGROUND

Plaintiff brings this action pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971),[1] seeking damages for alleged violations of his rights secured by the Constitution and laws of the United States.  The Defendants are the Elizabeth Detention Center ("EDC"); Corrections Corporation of America ("CCA"), alleged to manage the EDC; Warden J. Easterling of the EDC; John D. Ferguson, President and CEO of CCA; Victor X. Cerda, Acting Director of the office of Detention and Removal, United States Department of Homeland Security; and five John Doe and two Jane Doe Defendants. (Compl., ¶ 5.)

Plaintiff asserts the following facts: Upon entering the EDC, Defendant Taylor (named as a "John Doe" Defendant) a corrections officer, confiscated all of his legal paperwork. (Compl., ¶ 8.)  As a result,  Plaintiff asserts that he was denied the opportunity to inform the court of his change of address or otherwise to represent himself in court, despite his

---

[1]  <u>Bivens</u> allows a plaintiff to sue a federal defendant who acted under federal law to deprive plaintiff of a constitutional right.  <u>Bivens</u> actions are analogous to suits under 42 U.S.C. § 1983 against state officials who violate federal constitutional or statutory rights.  The two bodies of law are not "precisely parallel;" however, there is a "general trend" to incorporate § 1983 law into <u>Bivens</u> suits.  <u>Egervary v. Rooney</u>, 80 F.Supp.2d 491 (E.D.Pa. 2000) (citing <u>Chin v. Bowen</u>, 833 F.2d 21, 24 (2d Cir. 1987)).

request to have these materials returned to him.  (<u>Id</u>.)
Plaintiff subsequently spoke with several Immigration and
Naturalization officials at the EDC, including Defendant Shanahan
("John Doe #4") and two deportation officers (Jane or John Doe
Defendants).  Plaintiff also wrote to Defendant Easterling, but
received no relief.  (<u>Id</u>.)

 Plaintiff adds that the librarian at EDC (Jane Doe #2) on
July 1, 2003, read a letter that he was writing to the court, and
took it to her superiors, resulting in his being moved to the
Hudson County Jail in retaliation for this communication.
(<u>Compl.</u>,¶ 8.) Plaintiff asked Defendant Taylor ("John Doe #5)if
he would be allowed to recover his legal paperwork, and was told
that Taylor had been instructed not to give the materials to
Plaintiff; Plaintiff was told to speak with Taylor's supervisor,
Shanahan ("John Doe # 4).  (<u>Id</u>.)  Plaintiff concludes that "by
doing this, he involved himself in the planned conspiracy, to
hinder me from writing [to] the court and adjudicating my case."
(<u>Id</u>.) Shanahan also told Plaintiff that he could not have his
legal materials, thus becoming a conspirator.  (<u>Id</u>.)  Plaintiff
asked two deportation officers ("John Doe I and II") for his
legal paperwork and allegedly was told that he was not getting it
and that he was being moved to the Hudson County Jail because of
his complaints.  (<u>Id</u>.)  Plaintiff also allegedly sent letters
protesting his treatment to Defendant Cerda, but again received

4

no relief.  (<u>Id</u>.)   As a result of these actions Plaintiff maintains that he lost his case "after fighting for 25 months, when I was unable to respond with brief(s) to the court."  (<u>Id</u>.) Plaintiff also asserts that the aforesaid actions of the Defendants violated his right to free speech, constituted gross negligence illegal detention and false imprisonment.  (<u>Id</u>.)

## II. DISCUSSION

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66, 1321-77 (1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a prisoner seeks redress against a governmental entity or employee.  28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The Act requires the Court to identify cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief.  <u>Id.</u>

A.  <u>Standard for Dismissal</u>

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); <u>accord</u> <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507

5

U.S. 163, 168 (1993).  The Court "must determine whether, under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief, and . . . must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom."  Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citing Holder v. Allentown, 987 F.2d 188, 194 (3d Cir. 1993)).

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). "Under our liberal pleading rules, during the initial stage of litigation, a district court should construe all allegations in a complaint in favor of the complainant" and give "credit to the allegations of the complaint as they appear[] in the complaint." Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997); see also Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992).  But a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding whether dismissal is appropriate.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); see also Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir.1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.").  "When it appears beyond doubt that no relief could be granted under any set of facts which could be

proved consistent with the allegations of the complaint, a dismissal pursuant to Rule 12(b)(6) is proper." Robinson v. Fauver, 932 F. Supp. 639, 642 (D.N.J. 1996) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Claims brought under Bivens are typically analyzed under the same methodology as claims brought under 42 U.S.C. § 1983, as a Bivens action is the nonstatutory counterpart of a suit brought pursuant to § 1983, and is aimed at federal rather than state officials. Island Online, Inc. v. Network Solutions, Inc., 119 F. Supp.2d 289, 304 (E.D.N.Y. 2000). In order to state a Bivens claim, a plaintiff must show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) that a defendant or defendants acted under color of federal law in depriving him of that right. See Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991); Sixth Camden Corp. v. Evesham Tp., 420 F.Supp. 709, 718 (D.N.J. 1976). Plaintiff also must assert and prove some causal connection between a Defendant and the alleged wrongdoing in order to recover against that Defendant.[2] See, e.g., Mt. Healthy City Sch. Dist. Bd. of Educ.

---

[2] Although the Third Circuit has not ruled on the availability of vicarious liability in Bivens actions, see Young v. Quinlan, 960 F.2d 351 (3d Cir. 1992) (declining to reach the issue), the circuits that have addressed the issue are unanimous in holding that Bivens does not authorize suits predicated on a respondeat superior theory. See, e.g., Simpkins v. District of Columbia Government, 108 F.3d 366 (D.C.Cir. 1997); Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35 (8th Cir. 1995); Abella v. Rubino, 63 F.3d 1063 (11th Cir. 1995); Del Raine v.

v. Doyle, 429 U.S. 274, 287 (1977); Lee-Patterson v. New Jersey
Transit Bus Operations, Inc., 957 F. Supp. 1391, 1401-02 (D.N.J.
1997).  "A defendant in a civil rights action must have personal
involvement in the alleged wrongs; liability cannot be predicated
solely on the operation of respondeat superior."  Rode v.
Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing Parratt
v. Taylor, 451 U.S. 527, 537 n.3 (1981)).  Causal connection is
shown where a Defendant (1) participated in violating Plaintiff's
rights; (2) directed others to violate them; (3) as the person in
charge, had knowledge of and acquiesced in his subordinates'
violations; or (4) tolerated past or ongoing misbehavior. The
Court will construe the Complaint as raising claims of denial of
access to courts, retaliation for the exercise of constitutional
rights, conspiracy, violation of free speech, gross negligence,
illegal detention, and false imprisonment.  The Court will now
analyze Plaintiff's claims to determine whether dismissal
pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A is warranted.

--------

Williford, 32 F.3d 1024 (7th Cir. 1994); Abate v. Southern
Pacific Transp. Co., 993 F.2d 107 (5th Cir. 1993); Terrell v.
Brewer, 935 F.2d 1015 (9th Cir. 1991); Ellis v. Blum, 643 F.2d 68
(2d Cir. 1981).  Cf. Rode v. Dellarciprete, 845 F.2d 1195, 1207
(3d Cir. 1988) ("A defendant in a civil rights action must have
personal involvement in the alleged wrongs; liability cannot be
predicated solely on the operation of respondeat superior.").

B.  Denial of Access To Courts

Plaintiff asserts that his constitutional rights were violated by various Defendants in a successful attempt to deny him his First Amendment right of access to the Courts. Plaintiff lacks standing to raise these claims unless he can show that he actually was injured by a Defendant or Defendants' interference with his access to the courts.  See Lewis v. Casey, 518 U.S. 343, 349-55 (1996); Oliver v. Fauver, 118 F.3d 175, 177-78 (3d Cir. 1997)(prisoner asserting interference with his legal mail must show actual injury under Lewis v. Casey).

Plaintiff appears to have set forth facts sufficient to permit the inference that the alleged violations of his right to access the courts hindered his ability to pursue a legal action or prejudiced his defense in his case, actually injuring him. See Lewis v. Casey, supra.  Because Plaintiff appears to have sufficiently asserted actual injury as a result of the alleged violations of his right of access to the courts, Plaintiff's access to courts claim will be permitted to proceed as against Defendants Easterling, Taylor, Shanahan, and the John and Jane Doe Defendants at this time.[3]

---

[3]  Plaintiff asserts no more than a claim of respondeat superior liability against Defendants Ferguson and Cerda with respect to his denial of access to courts claim, which simply is not actionable under Bivens.  Cf. Rode v. Dellarciprete, supra.

9

C.  Retaliation

     It has long been established that the First Amendment bars
retaliation for protected speech.  See Crawford-El v. Britton,
523 U.S. 574 (1998); Milhouse v. Carlson, 652 F.2d 371, 373-74
(3d Cir. 1981).  "Retaliation for the exercise of
constitutionally protected rights is itself a violation of rights
secured by the Constitution actionable under section 1983."
White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990).  Proof of
a retaliation claim requires that Plaintiff demonstrate (1) he
engaged in protected activity; (2) he was subjected to adverse
actions by a state actor; and (3) the protected activity was a
substantial motivating factor in the state actor's decision to
take adverse action.  Anderson v. Davila, 125 F.3d 148, 160 (3d
Cir. 1997) (citing Mt. Healthy City Sch. Dist. Bd. of Educ. v.
Doyle, 429 U.S. 274 (1977)).

     Applying this standard to the case at bar and construing the
complaint liberally, Plaintiff has stated a claim of retaliation
for his exercise of a First Amendment right.  An inmate filing a
grievance with prison officials engages in activity protected by
the First Amendment.  See Quinn v. Cunningham, 879 F. Supp. 25,
27-28 (E.D.Pa. 1995), aff'd, 85 F.3d 612 (3d Cir. 1996).
Plaintiff asserts that he was transferred to the Hudson County
Jail because of his complaints about the confiscation of his
legal materials.  The Court also will allow this claim to proceed

at this time as against Easterling, Taylor, Shanahan, and the
John and Jane Doe Defendants, pending further factual
development.

D.  First Amendment

        Plaintiff also claims that Defendants' actions violated his
right to freedom of speech and association under the First
Amendment.  As Plaintiff's claim appears somewhat vague, the
court will construe this claim as one of interference with
Plaintiff's outgoing mail (the seized letter) by the librarian
Defendant.

        Prison regulations impinging on an inmate's First Amendment
rights are valid if "reasonably related to legitimate penological
interests." O'Lone v. Estate of Shabazz, 482 U.S. 342, 349
(1987) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). See
Fraise v. Terhune, 283 F.3d 506, 516-18 (3d Cir. 2002)(finding
state to have a legitimate penological interest in maintaining
order and security within the prison system). See also O'Lone,
supra.  With respect to outgoing mail, a policy regarding
inspection furthers a substantial governmental interest
(institutional security) unrelated to the suppression of
expression and is no broader than necessary for the protection of
that interest.  See Nasir v. Morgan, 350 F.3d 366, 374 (3d Cir.
2003)(citing Procunier v. Martinez, 416 U.S. 396, 413 (1974).

11

Because the relevant facts, beyond the assertion of an illegal seizure of the letter, are unclear at this time, this claim will be permitted to proceed as against Jane Doe #2 at this time.

E. Conspiracy

A complaint alleging a conspiracy under must "contain sufficient information for the court to determine whether or not a valid claim for relief has been stated and to enable the opposing side to prepare an adequate responsive pleading." See Loftus v. Southeastern Pennsylvania Transp. Auth., 843 F.Supp. 981, 986 (E.D. Pa.1994). In order to plead a conspiracy under Federal Rule of Civil Procedure 8(a), a plaintiff must "plead with particularity the circumstances ... such as ... the period of the conspiracy, the object of the conspiracy, and certain actions of the alleged conspirators taken to achieve that purpose." Id., at 986-87. To state a claim for conspiracy, Plaintiff must at least provide the Court with facts "suggesting that there was a mutual understanding among the conspirators to take action directed toward an unconstitutional end." Wesley v. Hollis, 2004 WL 945134, *4 (E.D.Pa. April 29, 2004). Other than raising broad and generalized assertions Plaintiff has failed to comply with these standards.[4]

---

[4] Any attempt by Plaintiff to raise a conspiracy claim under 42 U.S.C. § 1985 also fails.  In order to state a claim under Section 1985, a plaintiff must allege: (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus

F.  Other Defendants

    The Court notes that the Elizabeth Detention Center and
the United States are not proper Defendants under Bivens or 42
U.S.C. §1983.  See F.D.I.C. v. Meyer, 510 U.S. 471 (1994)
(United States and its agencies enjoy immunity from suit unless
the Federal Government waives its immunity); Agunbiade v. U.S.
Drug Enforcement Administration, 1995 WL 871138 (W.D. Mich.
1995) (INS immune from suit, citing F.D.I.C. v. Meyer); PBA
Local No. 38 v. Woodbridge Police Dept., 832 F.Supp. 808, 825-
26 (D.N.J. 1993) (police department not a "person" under §
1983); Powell v. Cook County Jail, 814 F.Supp. 757, 758 (N.D.
Ill. 1993); McCoy v. Chesapeake Correctional Center, 788
F.Supp. 890, 893-894 (E.D. Va. 1992).  Therefore, the Court
will dismiss all claims against these Defendants pursuant to 28
U.S.C. §§ 1915(e)(2)(B)(ii) and and 1915A (b)(1).  Moreover,
Plaintiff's claims against Defendants Ferguson and Certa state

designed to deprive, directly or indirectly, any person or class
of persons to the equal protection of the laws; (3) an act in
furtherance of the conspiracy; and (4) an injury to person or
property or the deprivation of any right or privilege of a
citizen of the United States. See Griffin v. Breckenridge, 403
U.S. 88 (1971). Moreover, in stating a claim for conspiracy, the
plaintiff may not merely make conclusory allegations of
conspiracy. See Rogers v. Mount Union Borough, 816 F.Supp. 308,
314 (M.D.Pa.1993). Only particularized allegations will be deemed
sufficient. See Grigsby v. Kane, 250 F. Supp.2d 453, 458 (M.D.
Pa. 2003)(citing Loftus, supra.) Plaintiff has failed to comply
with these principles of pleading. Finally, Plaintiff has stated
no facts whatever permitting an inference of illegal detention
and/or false imprisonment.  These claims also will be dismissed.

13

no more than allegations of negligence and <u>respondeat</u> <u>superior</u> liability, neither of which is actionable.  See <u>Daniels v. Williams</u>, 474 U.S. 327 (1986); <u>Rode</u>, <u>supra</u>. The Complaint also fails to state a claim against Defendant Corrections Corporation of America.  See <u>Correctional Services Corp. v. Malesko</u> 534 U.S. 61 (2001)(no implied private right of action, pursuant to <u>Bivens</u>, for damages against private entities that engaged in alleged constitutional deprivations while acting under color of federal law); <u>see also</u> <u>Rode</u>, <u>supra</u>.


### III. CONCLUSION

 Based on the foregoing, the Court will permit Plaintiff's denial of access to courts, retaliation, and free speech claims to proceed at this time as against Defendants Easterling, Shanahan, Taylor, and the John and Jane Doe Defendants, dismiss all other claims against these Defendants, and dismiss the Complaint in its entirty as against the remaining Defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

An appropriate Order accompanies this Opinion.


        /s/ Dickinson R. Debevoise
        **DICKINSON R. DEBEVOISE
        UNITED STATES DISTRICT JUDGE**


**DATED June 27, 2005**


14

14